ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

QIYDAAR REDDICK,
               Plaintiff,

    -against-

RICHARD KOPACZ, KAREN VARRIALE,
MICHAEL SHOLLAR, DEFELICE OF THE S.I.W.S,
POLICER OFFICERS JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4, JOHN DOE 5, of the
S.I.W.S.,

               Defendants.

AMENDED COMPLAINT

10-CV-1846 (RJD)
4016

I, QIYDAAR REDDICK, am the Plaintiff in this action, and I hereby affirm the following is true under penalty of perjury;

1. The factual allegations and proof herein, are made upon the information and belief, plus personal knowlede into this matter. Also the paperwork (Exhbits) herein will prove said Plaintiff claims. This paperwork was obtained through the Richmond County District Attorney's office and other sources. This proof, proves the Plaintiffs claims.

2. The medical records for said Plaintiff, have to be Court ordered, since said Plaintiff can not request from where he is detained unlawfully, because it is not considered priviladged legal material. The medical records will prove the Plaintiff's complaint and violation of the United States Constitution, by six of the defendant's herein, and the medical treatment that the Plaintiff had recived as well.

3. The UNITED STATES CONSTITUTION guarantees the rights to all of the citizens of the United States. We are supposed to be gauranteed the EQUAL PROTECTION OF THE LAW and DUE PROCESS, but said Plaintiffs rights were deprived form him, and are still being violated to this very day.

4. According to Federal Law, regarding the Federal Constitution; Any federal case or statute, or any state constitution, case or statue, that violates the UNITED STATES CONSTITUTION is "UNCONSTITUTIONAL", which means that is completely void. Thus, making any conviction, unconstitutional.

-1-

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 0 8 2011 ★

BROOKLYN OFFICE

## BACKGROUND INFORMATION

On the morning of May 27, 2009, on the first floor of the residence at 50 Castletown Avenue, of Staten Island, New York, The Staten Island Warrant Squad, did knowingly, willingly, unlawfully and intentionally broke into said residence, in violation of the United States Constitution Amendments # 4, with no arrest or even a search warrant whatsoever to arrest said Plaintiff. Plaintiff had been staying at said residence since May 19, 2009. Once Defendants **DEFELICE** and **POLICE OFFICERS JOHN DOE 1 — 5** had entered the residence they began a search, with no warrant or extenuating circumstances, or even a hot pursuit for that matter (see, **Payton vs United States,** (1980), 100 S.Ct. 1371, 455 U.S. 573), also a violation of the **"Payton Rule"**. When said Defendants came across the Plaintiff, they began beating up the Plaintiff for no reason, before and after the Plaintiff was already in handcuffs, which is another violation of Plaintiffs' U.S.C.A. rights # 8.

The Plaintiff was then taken to the 120 Precinct, where he was not allowed to leave at his own will, and was not even being processed for that matter. The Plaintiff kept telling all of the Officers that he needed medical attention and was not being afforded the medical attention asked for. The Plaintiff had to wait until some other Officers had come to get him and then escort him to the Richmond County District Attorney's Office, which is located at 130 Stuyvesant Place, Staten Island, New York (where the District Attorney claims the Plaintiff was arrested) before he was taken to the St. Vincent's Hospital Emergency Room Department to be treated. The Plaintiff was given medication after being treated and then given a prescription of 600 milligrams of painkillers, that he never got to get. When said Plaintiff was brought into the Richmond County Criminal Court a few days after the said Defendants **DEFELICE** and **POLICE OFFICERS JOHN DOE 1 — 5** had broken into 50 Castletown Avenue, the Plaintiff was then appointed a Legal Aid Attorney by the Court. This Counsel is said Defendant **RICHARD KOPACZ**, who was at that time representing both the Plaintiff and the Plaintiffs' accuser in the Criminal Court, which is a very big Conflict of Interest (see, **Strickland vs Washington,** (1984), 104 S.Ct. 2052; **Kimmelman vs Morrison,** (1986), 477 U.S. 365, 106 S.Ct. 2514; see also, **People v. Carillo,** (1995), 218 A.D.2d 505, as well as U.S.C.A. Const. Amends. 5, 6, 9, and 14).

- 2 -

Defendant, karen Varraile, committed "Prosecutor Misconduct" while she
was suppose to uphold the Law. Starting from the indictment, the United
States Supreme Court had ruled on the body of the indictment and the
caption of the indictment as well. In Ex parte Bain,(1887), 7 S.ct. 781
stated in part; "The caption is no part of the instrument found by the
Grand Jury. "The history of the proceedings, as copied or extracted
from the schedule, is called the caption, and is entered of record
immediately before the indictment. It will be sent(said) that, as thus
explained, the caption is no part of the instrument(indictment) found
by the Grand Jury. See, Cf. Clyatt v. United States,(1905), 197 U.S.
207, (219-220), 25 S.ct. 429, (431-432); Dejonge v. State of Oregon,
(1937), 229 U.S. 353, 57 S.ct. 255; Cf. Cole v. State of Arkansas,(1948)
333 U.S. 196, 63 S.ct. 514; Stirone v. United States,(1960), 361 U.S.
212, 80 S.ct. 270; Russell v. United States,(1962),369 U.S. 749, 2 S.ct.
1038; see also, People v. Lopez,(2005), 798 N.Y.S.2d 356.

  The inadmissible evidence and false evidence were from 2 of the charges
that were dismissed before the Plaintiffs criminal trial had begun, and
the other evidence, which was false, had prejuiced the Plaintiff. See,
People v. Milks, 55 App. Div. 372, not only was said evidence
inadmissible, but it also deprived the plaintiff his right to a fair
trial. Furthermore, Defendant Varraile was suboring perjury testimony
and did nothing to correct such testimony, and that harmed the Plaintiff
(see, Napue v. People of the State of Illinois,(1959), 360 U.S. 264, 79
S.ct. 1173), because said testimony was materail testimony to the
Plaintiff's criminal matter.(see, People v. Deblinger,(1999), 267 A.D.2d
395) The defendant's rights were violated under the sixth and fourteenth
U.S.C.A. Const. Amends.

   In the case of Melendez-Diaz v. Massachusetts,(2009), 129 S.ct. 2527,
the United States Supreme Court ruled that the defendant sixth amendment
right was violated because the Analyst who prepared the report never
testified, as is the same with the Plaintiffs criminal matter. Defendnat
Varriale, malicious prosectuion deals with the following: (1) Suboring
perjury, (2) inadmissible evidence, (3) false evidence, (4) hearsay
evidence (that did not place the plaintiff at the alleged crime secne),
(5) prejudice, and (6) tampering with evidence, etc... Defendant
Varraile has been giving false information and even hindering the Grand
Jury's abailty to function or ask questions, even though the Plaintiff
never waived his rights to the Grand Jury. The charges that were
dismissed before the Plaintiff criminal trial started and used as
evidence against him was a very harmful error, because that evidence was
against him, see Evitts v. Lucey,(1985), 469 U.S. 387,394; also see,
Rothgery v. Gillespie County,(2008), 128 S.ct. 2578, 2581.

-3-

The case that Defendant **VARRIALE** had put together to falsely convict the Plaintiff, establishes fraud and inducement, based on fault depremise, when records clearly reflect otherwise, by the documents contained herein. The following pages(s) are a list of the points and facts that Plaintiff asks this Honorable Court to take into consideration while making a ruling on this matter before you.

## FACTS

1.    The united States supreme Court has ruled that the caption of the indictment is not found by the Grand Jury.

2.    Thus making said Plaintiffs conviction and detention unlawful and in violation of the Federal Constitution, as well as proving prosecutor misconduct and malicious prosecution, as well as the Plaintiffs' U.S.C.A. rights that were and still are being violated to this day.

3.    On June 15, 2009, in the Richmond County Criminal Court, said Defendant, **RICHARD KOPACZ**, was in Court representing both the Plaintiff and his accuser, which created a conflict of interest, also said Defendant waived the Plaintiffs' rights to the Grand Jury without the Plaintiffs' consent, which is a violation of the Plaintiffs' fundamental right.

4.    The search and seizure of the Plaintiff were unlawful, thus denying the Plaintiff his right to due process and equal protection of the law that is guaranteed by the U.S.C.A. Const. Amends.

5.    Defendant, **MICHAEL SHOLLARs**' perjury and acknowledgment of the Plaintiff's rights, under the United States Constitution, being violated and also denied the Plaintiff his due process and equal protection of the law.

6.    Furthermore, Defendant **KAREN VARRIALE** has been or was at the time, telling the Plaintiffs' second court appointed lawyer, that the Plaintiff had turned himself in and that is why they have the time and place of arrest at 130 Stuyvesant Place. Also, the fact that the Plaintiff didn't know that he was wanted for anything. This Defendant, while doing her duty, committed a crime by allowing false testimony to be used against the Plaintiff, just so she could get a conviction.

7.    The Plaintiff is still being denied his rights under the United States Constitution. The Plaintiff is being denied his life, liberty and due process of law, as well as the legal rights that the United States Constitution guarantees the citizens of this Country.

- 4 -

8. According to all of the reports, (Police and the District Attorney's office), the Plaintiff was arrested three times in one hour at two different locations.

9. The report filed by Vincenzo Buscarnera and the perjury by the Defendant Michael Shollar, both agree that the Plaintiff was arrested on May 28,2009, if so, then the Plaintiff was never arrested on the 27 day May of 2009. The information that are exhbits herein will prove that the information is confusing, and establishes the perjury and Prosecutor Misconduct, on behalf of defendant's Michael Shollar and Karen Varriale without a reasonable doubt.

10. The report by Gregory Silverman says that he arrested the Plaintiff which was and is false. He did that to cover up the beating that the Plaintiff had endured by Defendant's Defelice and john Doe's 1-5 during their unlawful entry and arrest.

11. The facts prove the injustice that was done to the Plaintiff and no one did anything about it, to enforce siad Plaintiffs rights.

12. Herein are Exhbits marked A-G and other information (facts) that would help this Honorable Court to rule in favor of the Plaintiff.

13. Also included in this complaint are a list of the Plaintiff's Constitutional rights that were violated and still being violated, as well as the United States Supreme Court cases cite that deal with each violation of the Plaintiffs rights that were violated.

14. The Plaintiff has listed over ten facts that would prove his claim, beyond a reasonable doubt.

15. If the County Court that fasley convicted the Plaintiff had and has no jurisdiction over the Plaintiff, than what Court does? Besides the County Criminal Court and your Court your Honor?

16. The Plaintiff has proven that the Prosecutor did commit misconduct, by suboring perjury among other things. The Plaintiff has also proven the conflict of intrest and his rights of the United States Constitution that were and still are being violated to this very day. The Plaintiff can not order the mintues from the Criminal Court proceedings or from the Hospital, they have to be Court ordered, because if the Plaintiff could, they would be attached to this complaint.(the medical records are not privilaged legal material according to the rules to where the Plaintiff is being detained unlawfully) There was and were no warrants and the violation of the "Payton Rule" have been established. The lower Courts does not respect the higher Courts rulings whatsoever.

18. The Plaintiff has over 40 cases that would help this Court rule in his favor, but he lacks the resources that an Attorney of the Bar would have. Also, if there was a warrant why would he be "arrested" at the District Attorney's office building for then?

-5-

## UNITED STATES CONSTITUTIONAL AMENDMENTS
## THAT WERE VIOLATED

1.   # 4- Search and seizure, unlawful entry and arrest, unlawful search and the "Payton Rule".

2.   # 5- Grand Jury indictment, due process, name is not in the body of the indictment, lack of jurisdiction.

3.   # 6- Confrontation Clause, Ineffective Assistance of Counsel. prejudice, inadmissible evidence, waiver of rights without consent, etc...

4.   # 8- **Excessive bail, excessive force by the police, cruel and** unusual punishment, perjury, bail in the amount of $250,000.00/$250,000.00, etc...

5.   # 9- Denied and disparaged by others retained by the People, rights were deprived of, U.S.C.A. rights that were and still are being violated to this very day.

6.   # 14(1)- Deprived of life, liberty, without the right way to due process of law or equal protection of law, deprived of fundamental rights, rights of the U.S.C.A. that it guarantees to the citizens of this Country.

## UNITED STATES CONSTITUTION

4th Amendment:

The rights of the People to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized.

5th Amendment:

"Nor shall be compelled to in any criminal case to be a witness against hi,self or deprived of life, liberty, or property, without due process of Law;"

6th Amendment:

"To be confronted with the witnesses against him;"

8th Amendment:

Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

9th Amendment:

The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the People.

14(1) Amendment:

All persons born or naturalized in the United States, and subject to the

jurisdiction thereof, are citizens of the United States and of the state in which they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, nor shall any state deprive any person of life, liberty or property, without due process of law; nor deny to any person within it's jurisdiction the equal protection of the laws.

Furthermore, the Court that falsely convicted the Plaintiff, has no jurisdiction over the Plaintiff, thus making that Court's ruling and the whole proceeding are coram non judice and void, and the party can not be held liable under indictment.

V E R I F C A T I O N

STATE OF NEW YORK)
COUNTY OF CHEMUNG) ss:

I, _QEYDAAR REDDICK_____, being duly sworn, deposes
and says that I am the petitioner in the above-captioned pro-
ceeding, that I have read the foregoing and have personal know-
ledge of the facts stated within, and that the same is true and
correct except as to matters based upon information and belief,
and as to those matters I believe to be true.

I further declare under penalty of perjury, pursuant to
Penal Law §210.45, and People v. Sullivan, 56 N.Y.2d. 378 (Ct.
App. 1982), that the foregoing is true, accurate, and correct.
I also swear that there is no notary public available to nota-
rize the foregoing pleading in a timely fashion.

Dated: _9/1/11_____

EXHBIT A:

Exhbit A, deals with the information, as to the time of arrest, from the District Attorney's office of Richmond County, as well as the place of arrest, thus proving one of the many false information, to cover up the U.S.C.A. number 4 and the "Payton Rule" - Payton v. United States (1980) 100 S.ct. 1371.

Exhbit A, tells one ting, but when you look at exhbit B, this Court will notice and even come to the conclusion that, the Plaintiff was never really arrested as exhbit A and B claims.

How then can the Plaintiff, have turned himself in? He didn't and the District Attorney's office knew this and did nothing. Thus, proves part of the Prosecutor misconduct, while they were suppoes to uphold the Law, as their job and duty requires.

Furthermore, violated the Plaintiff's 9th. and 14th. Amendment of the U.S.C.A.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>-against-<br><br>Qiydaar Reddick<br><br>*Defendant.* | **PEOPLE'S VOLUNTARY DISCLOSURE FORM**<br><br>**Ind. No. 177/2009**<br><br>**File No. 09-0393** |

The People of the State of New York hereby voluntarily disclose to defendant(s) the following information pertaining to the above-captioned case:

**A.    BILL OF PARTICULARS**: In anticipation of a request pursuant to C.P.L. § 200.95, the People furnish the following Particulars:

1.    OCCURRENCE

Counts 1, 2, 3, 4, and 5
Date:          On or about May 18, 2009
Place:        32 Taft Avenue, Staten Island, New York

Counts 6 and 7
Date:          on or about May 6, 2009
Place:        32 Taft Avenue, Staten Island, New York

2.    ARREST

Date:                ~~May 22, 2009~~                          *See next page*
App. Time:    1200 hours
Place:            130 Stuyvesant Place
                        Staten Island, New York

3.    CONDUCT

The substance of each defendant's conduct encompassed by the charge(s) which the People intend to prove at trial on their direct case:

On May 6, 2009 defendant entered, 32 Taft Avenue, Michelle Niesz's home without permission ~~... ... ... ... order of protection.~~ On May 18, 2009 defendant entered, 32 Taft Avenue without permission and threatened

1

EXHBIT B:

Exhbit B, deals with the report filed by Gregory Silverman, that is dated
May 29,2009. This exhbit proves that the information pertaing to the arrest
of the Plaintiff, by who did unlawfully arrested the Plaintiff. The place,
and the time of said Plaintiffs arrest. Also the Apartment number does not
exist at 32 Taft ave., where and what everybody is saying is the alleged
crime secne, that the Plaintiff has been fasley convicted for. This
information would prove that the District Attorney's office gave false
information in their "Bill of Particulars", as shown in exhbit A. This also
proves more of the Plaintiffs claim about his 4th. Amendment right being
violated under the U.S.C.A.. So then how could the Plaintiff turn himself
in or even be arrested at 130 Stuyvesant Place as they claim? What other
false information did they give to the Grand Jury and the Palintiff?

| COMPLAINT - FOLLOW UP INFORMATIONAL REPORT - GENERAL INVESTIGATION | | Crime/Condition RAPE | Cmd Code 120 | Date of This Report 05/29/2009 |
|---|---|---|---|---|
| Date of UF61 05/18/2009 | Date Case Assigned 05/18/2009 | Complaint No. 2009-120-05584 | Case No. 130 | Unit Reporting STATEN ISLAND SPECIAL V | Follow-Up No. 20 |

| Complainant's Name NIESZ, MICHELLE | Nickname/Alias/Middle Name | Address 32 TAFT AVENUE STATEN ISLAND NY 10301 | | Apt No. 32 |
|---|---|---|---|---|
| Sex FEMALE | Race WHITE HISPANIC | Date of Birth | Age 25 | |
| Home Telephone | Business Telephone | Cell Phone | Beeper # | E-Mail Address |

**Topic/Subject:**
CONFER WITH SI WARRANT SQUAD

**Summary of Investigation:**
1. On May 27, 2009, at approximately 1100 hours, the undersigned was contacted by Det. DeFelice of the SI Warrant Squad, who stated that he had apprehended the subject at 50 Castleton Avenue and he was being lodged at the 120 precinct. ~ ~2. Case Active.

| Reporting Officer: | Rank DT3 | Name GREGORY SILVERMAN | | Tax Reg. No. 896710 | Command 305 |
|---|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed 05/30/2009 | Date of Next Review | Name GUISELLA RODRIGUEZ | Supv. Tax No. 923412 |

look at police reports *as filed legal documents*

## EXHIBIT "C"

Exhibit "C" deals with no probable cause to arrest the Plaintiff, because the alleged victim stated to the officers that her daughter's father (first child), is the one that she told the cops, who did what the Plaintiff has been falsely convicted of. Thus, Exhibit "C" is more proof that the Plaintiff's Fourth Amendment right was violated. On the following page she, "the alleged victim" son's father, the Plaintiff is: **Qiydaar Reddick**, is her son's father. So where is the probable cause to arrest the Plaintiff? The Plaintiff's (second son's) son's mother has changed from one person to another person. Her story has changed a few times as well.

2 PAGES IN TOTAL.

**DETECTIVE BUREAU**
**UNUSUAL OCCURRENCE REPORT**

*(handwritten: Read This, trial & grand jury Minutes as well As the D.A's response to my Writ of Habeas corpus motion)*

ATTACHMENT B
ORIGINAL
Page 1 of 1

| Pct. of Occurrence | Date of Original Report | Time | Place of Occurrence and Type of Premise | Crime/Condition |
|---|---|---|---|---|
| 120 | MONDAY 05/18/2009 | 2130 | R/O 30 Taft Avenue | RAPE 1 (Acquaintance) |

Apparent Motive: Sexual Gratification

**DETAILS: (COMPLETE AND CONCISE: INCLUDE DESCRIPTION AND VALUE OF ANY PROPERTY TAKEN)**

On 05/18/09, the 120 precinct did respond to a report of a dispute with a knife at the above location. The female c/v stated that the subject, her daughter's father, did kick in the door to her apartment and did have her come outside with him. When outside, c/v states that the subject did force her to the rear yard of the house next door and, at knifepoint, take her down the outside cellar stairs, and did insert his penis inside her vagina. The c/v stated that she heard the police coming and the subject ran through the yard and got away. The c/v was removed to the hospital for medical treatment.

**COMPLAINANT(S): (SEX CRIME VICTIMS ARE NOT TO BE NAMED)**

| Last Name KTD | NIESZ | First Name MICHELLE | M.I. E | Last Name | First Name | M.I. |
|---|---|---|---|---|---|---|
| Address | 32 TAFT AVE. | City/State 22 S.I. N.Y | Apt # 3 | Address | City/State | Apt # |
| Sex F | Race/Ethnicity WHITE HISPANIC | Age 25 | Date of Birth 07-11-83 | Sex | Race/Ethnicity | Age | Date of Birth |

| NYSIS # 9909181H | Actions Prior to Incident | | NYSIS # | Actions Prior to Incident |
|---|---|---|---|---|
| Type of Injury | Hospital Richmond University Medical Center | Condition/Prognosis | Type of Injury | Hospital | Condition/Prognosis |

**PERPETRATOR(S) - NUMBER OF PERPS : 1 - NUMBER ARRESTED : 0**

| Last Name | First Name | M.I. | Arrested N | Last Name | First Name | M.I. | Arrested |
|---|---|---|---|---|---|---|---|
| Address | City/State Staten Island, US | | Apt # | Address | City/State | | Apt # |
| Sex M | Race/Ethnicity BLACK | Age 26 | Height 5'8" | Weight 180 | D.O.B. | Sex | Race/Ethnicity | Age | Height | Weight | D.O.B. |

Description of Clothing:
Blue Jeans/Black Hooded Sweatshirt   *(handwritten: I'm 5'11)*

Description of Clothing:

| NYSIS # | Nickname | On Parole | Warrant | NYSIS # | Nickname | On Parole | Warrant |
|---|---|---|---|---|---|---|---|

| Criminal History | Criminal History |
|---|---|

| Type of Injury | Weapons | Type of Injury | Weapons |
|---|---|---|---|
| Vehicle Used | Make | Model | Color | Plate | Vehicle Used | Make | Model | Color | Plate |
| Arresting Officer | | Command | Arresting Officer | | Command |

**INITIAL INVESTIGATIVE STEPS TAKEN: (CANVASS, INTERVIEWS, COMPUTER CHECKS, ALARM, PHOTOS, ETC.)**

Response to Scene ~Computer Inquiries ~Canvass ~Interview C/V ~I-Card Preparation ~Confer with Warrant Squad ~Confer with Crime Scene

**NOTIFICATIONS:**

| Name | Present | Name | Present |
|---|---|---|---|
| Chief of Detectives: Det. Searls | N | Major Case: | |
| Det. Borough: | | Bias: | |
| Det. Duty Captain: Capt. Orski | N | Intell: | |
| Squad Supervisor: Sgt. Abbadessa | Y | Transit: | |
| Covering Supervisor: | | Housing: | |
| Homicide Squad: | | Spec Victims Division  P.O. Cymbalski | N |
| Crime Scene: Det. Kapp | Y | Other 2: | |
| Crime Scene Run #: 09/509 | | Other 3: | |
| Ada: | | Other 4: | |
| M.E.: | | RTCC: Det. Mesita | N |
| | | RTCC Case #: 2010 | |

3

1     M I C H E L L E   N I E S Z, being called as a

2     witness on behalf of the People, first being duly

3     sworn and testifies as follows:

4          Q     Can you state your full name for

5     the record.

6          A     Michelle Niesz.

7          Q     Michelle, how old are you?

8          A     Twenty-five.

9          Q     And do you know someone by the name

10    of Qiydaar Reddick?

11         A     Yes.

12         Q     How do you know him?

13         A     He is my son's father.

14         Q     How long have you known him?

15         A     For three years.

16         Q     And do you currently have a

17    relationship with him, boyfriend/girlfriend way?

18         A     No.

19         Q     When did that end?

20         A     About a year ago.

21         Q     I am going to direct your attention

22    to May 6, 2009.

23         Do you remember that day?

24         A     Uh-hum.

25         Q     Where were you on that day in the

EXHIBIT D:

Exhbit D, deals with the arrest of the Plaintiff, with the time, place and
by who. This proves the charges that the Plaintiff was arrested for on May
28,2009, on his second day in the 120 Pct.. This also proves that there was
no exigent circumstances for the Police to eneter unlawfully, unlawfully
search and the violation of the Plaintiffs 4th. Amendment right. Also shows
another time of Plaintiffs arrest, that was unlawful, as well as body marks
for which the Plaintiff has two of them.



Detective Bureau - DD5 Attachments

Page 1 of 1

| COMPLAINT - FOLLOW UP INFORMATIONAL REPORT - ARREST | Crime/Condition OFFENSES AGAINST PUBLIC ADMINI | Cmd Code 120 | Date of This Report 05/28/2009 |
|---|---|---|---|

| Date of UF61 05/07/2009 | Date Case Assigned 05/08/2009 | Complaint No. 2009-120-05175 | Case No. 1120 | Unit Reporting SQUAD | | Follow-Up No. 8 |
|---|---|---|---|---|---|---|

| Complainant's Name NIESZ, MICHELLE | Nickname/Alias/Middle Name | Address 32 TAFT AVENUE STATEN ISLAND NY 10301 | | Apt No. |
|---|---|---|---|---|
| Sex FEMALE | Race WHITE HISPANIC | Date of Birth | Age 25 | |
| Home Telephone | Business Telephone | Cell Phone | Beeper # | E-Mail Address NONE@NONE.COM |

| Perpetrator's Last Name, First M.I. REDDICK, QIYDAAR | | | Nickname/Alias/Middle Name | Wanted/Arrested ARRESTED |
|---|---|---|---|---|
| Address 167 CARROLL PLACE STATEN ISLAND NY 10301 | | | Apt No. 167 | Res. Pct. 120 | NYSID No. 09293744Q |
| Position/Relationship OWN UMPBSO | Sex MALE | Race BLACK | Date of Birth 02/17/1983 | Age 26 | Height 5FT08IN | Weight 180 |
| Home Telephone | Business Telephone | Cell Phone | Beeper # | E-Mail Address | U.S. Citizen Yes | State/Country of Birth NEW YORK |

**Description**
Eye Color:BROWN Hair Color:BLACK Hair Length:NORMAL Hairstyle:UNKNOWN Complexion:CLEAR Skin Tone:MEDIUM

| Accent No. | Weapon NONE | Describe Weapon (If firearm, give color, make, caliber, type, model, etc.) | Discharged No |
|---|---|---|---|
| Gang Affiliation No | | Gang Name | Gang Identifier |
| Mask: | | Gloves: | |

**Clothing Description**
Head Gear:UNK Foot Gear:UNK Outer Wear:SWEAT SHIRT OR JOGGING JACKET Color:RED Other Clothing/Accessories:UNK

**Scars, Marks**
Distinguishing Body Marks (1):UNKNOWN Distinguishing Body Marks (2):UNKNOWN

| Impersonation of UNKNOWN | | If other |
|---|---|---|

**Tools/Subject**
ARREST ARREST MADE

**Summary of Investigation**
ON MAY 27, 2009 AT APPROX, 1130HRS THE SUBJECT IN THIS CASE WAS PICKED UP BY DET DEFELICE ISMRS. AT 50 CASTLETON AVENUE WITHOUT INCIDENT.

ON MAY 28, 2009 AT APPROX, 0830HRS THE UNDERSIGNED DID ARREST AND CHARGED QIYDAAR RIDDICK WITH BURGLARY 1 AND V.O.O.P. UNDER ARREST#S09505248-N.

3 CASE ACTIVE.

| Reporting Officer: | Rank DT3 | Name VINCENZO BUSCARNERA | Tax Reg. No. 1C1251 | Command 431 |
|---|---|---|---|---|
| Reviewing Supervisor: | Manner of Closing | Date Reviewed 05/28/2009 | Date of Next Review | Name LENHARD CECHSNER | Supv. Tax No. 900045 |

## EXHIBIT "E"

Exhibit "E", deals with the proof of perjury by the State's expert to help falsely convict the Plaintiff and violate the Plaintiff's 6th and 14th Amendment rights (Melendez-Diaz v. Massachusettes). Proves suborning perjury by the District Attorney's Office, as well as prosecutorial misconduct. Please read the following pages and lines in this exhibit. Page 622, lines 20 - 25, Page 623, lines 1 - 2, and 15 - 16, Page marked #3, lines 6 - 13, and lines 16 - 25. It's 3 pages in total in this exhibit.

```
 1    visual examination.  So we'll look at it, we'll look
 2    for -- in this case we're looking for -- sexual
 3    assault -- we're looking for semen.  So we're going
 4    to look for whitish stains, crusty stains, anything
 5    like that just under regular light.  Then we also
 6    look at it under an alternate light source in which
 7    semen fluoresces.  If we see a fluorescent stain we
 8    do a screening test on that stain, something called
 9    an acid phosphatase.  This is something that's also
10    found in semen.  But because it's found in other
11    bodily fluids it's not a confirmatory test that semen
12    is present.  So if that's a positive it indicates
13    that semen could be present but it's not a definite.
14    So we'll move on to the test I had mentioned earlier,
15    the P-30 test, and that's a confirmatory test.  So
16    all these screening tests are performed on these
17    items in the kit and, if they do happen to have semen
18    on them, then we move on to the next step which is
19    DNA testing.
20         Q    What were the results of your screening
21    process?
22         A    Semen was found on the underwear and we
23    presumptively found blood on the underwear and the
24    vaginal swabs.
25         Q    Now, was there semen on the vaginal
```

1    swabs?

2         A      No.

3         Q      Is it unusual to have semen on underwear

4    but not on a vaginal swab?

5         A      It's not unusual.

6         Q      What could be the reason for that?

7         A      There could be many reasons.  It depends

8    how much -- if there was any ejaculation.  If there

9    was, how much was ejaculated.  Was it ejaculated in

10   the vagina, was it just ejaculated on the outside.

11   If it was ejaculated in the vagina, how long was the

12   person sitting in their underwear.  It could have

13   drained from the vagina into their underwear.  Those

14   are some of the reasons why you wouldn't see it on

15   the vaginal swabs but I would find it on the

16   underwear.

17        Q      Where on the underwear was the semen

18   stain?

19        A      I believe it was -- let me check.

20               It was found in the crotch, inside the

21   crotch of the underwear.

22        Q      Where on the underwear was the blood

23   stain?

24        A      The blood was found on -- or the blood

25   was presumptively found on the waistband.

1    sperm.    We also, in addition to doing that, we cut

2    the swabs for P-30 testing.

3         Q        So in this particular case that vaginal

4    slide was put under a 40x microscope?

5         A        It's looked at under 40x magnification.

6         Q        The results under that magnification on

7    the vaginal slide was negative for the presence of

8    sperm?

9         A        Negative for the presence of sperm,

10   that's correct.

11        Q        Now, you also examined other items that

12   were sent to the lab including underwear, correct?

13        A        Yes.

14        Q        Just so I didn't miss anything, the

15   underwear to the -- withdrawn.

16                 Did you examine the underwear yourself or

17   just the lab?  Did you do it?

18        A        Another analyst in the laboratory

19   examined this kit.

20        Q        So you did not visually look at the

21   underwear?

22        A        Not myself, no.

23        Q        Have you looked at the underwear since

24   the examination?

25        A        No.

## EXHIBIT "F"

Exhibit "F", deals with the tampering of evidence and the evidentiary integrity. See, lines 14 - 16, on page 521.

```
 1                M. Niesz - direct - K. Varriale              521

 2     you recognize what's in there?

 3          A     Yes.

 4          Q     What is it?

 5          A     It's my panties.

 6          Q     Are those the panties you were wearing on May 18,

 7     2009?

 8          A     Yes.

 9                MS. VARRIALE:  Moving People's 15 for

10                identification into evidence.

11                MR. FONTE:  No objection.

12                THE COURT:  So moved.  15 is in evidence.

13                COURT OFFICER:  So marked.

14          Q     Michelle, are they different from when you put

15     them on on May 18, 2009?          Tampered with evidence

16          A     Yes.  They're cut.  They got blood on them.

17          Q     Do you remember how long you had those underpants?

18     Were they new?

19          A     They were new, brand new.

20          Q     When looking at them now is there anything that

21     specifically reminds you that they're knew, those

22     underwear?

23          A     Yes.

24          Q     What is it?

25          A     They have the tag -- The tag is still here.
```

### EXHIBIT "~~F~~" G"

Exhibit "~~F~~" G", deals with perjury by the Richmond County district Attorney's Office, Michael Shollar. Please read page 1, lines 1 -9 that is underlined and then page 2, lines 1 - 6, 11 - 12, and 14 - 16 that are underlined. This is proof that they were well informed of the Plaintiff's rights being violated and even an admission when stated; the people deny all of the Plaintiff's factual allegations, **except where noted below**; but, since this court has no jurisdiction to grant petitioner's request, it must be denied. Also read #3 and then look at all the other exhibits and this Court will see all of the injustice through Richmond County's Legal System. This proves the Plaintiff's factual claims about perjury and his U.S.C.A. rights being violated. "Affirmantis est probare, culpa tenet suos tores & boni judicis est ampliare justitiam, also dilationes in lege sunt odiosae".

(6 Napue v. People of the State of Illinois)

3 PAGES IN TOTAL.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY: TRIAL TERM PART I

*proves that my U.S.C.A. right were & still are being violated perjury & makes the indictment deffective & Mandates a dismissal Also the fact that I'm not her daughter Father either*

EX REL QIYDAAR REDDICK,

<em>Defendant-Petitioner,</em>

Index No. 401075-2010

-against-

AFFIRMATION IN
RESPONSE TO
DEFENDANT'S MOTION
FOR A WRIT OF HABEAS
CORPUS

KATIE MULVEY, WARDEN,

<em>Respondent.</em>

MICHAEL SHOLLAR, being an attorney duly admitted to practice law in the State of New York, affirms the following is true under penalty of perjury and pursuant to C.P.L.R. Rule 2106:

1.  I am a duly appointed Assistant District Attorney in and for the County of Richmond, State of New York and have been assigned to respond to this motion. The factual allegations here are made upon information and belief, the source of which is the People's file and the New York City Department of Corrections records, available online. The People deny all of petitioner's factual allegations, except where noted below.

2.  I submit this affirmation in opposition to petitioner's request for a writ of habeas corpus seeking his immediate release from detention.

1

3.    On May 6, 2009, defendant broke into the home of his son's mother, dragged her outside, and raped her in a nearby alleyway.   On May 28, 2009, defendant was arrested and, the following day, was arraigned in Richmond County Criminal Court.   Bail was set and defendant was placed in the custody of the New York City Department of Corrections.

4.    On June 24, 2009, defendant was arraigned in Richmond County Supreme Court and charged by Richmond County Indictment 177/2009 with one count of Rape in the First Degree [P.L. § 130.35(1)](forcible compulsion); Burglary in the Second Degree [P.L. § 149.25(2)]; Assault in the Second Degree [P.L. § 120.05(6)]; Aggravated Criminal Contempt [P.L. § 215.52]; and Criminal Possession of a Weapon in the Third Degree [P.L. § 265.02(1)].   Justice Leonard Rienzi set bail in the amount of 250,000 dollars.   Defendant remains in Department of Corrections custody, pending trial.

(4.)    Now petitioner moves for a writ of habeas corpus, asserting that a variety of his constitutional rights have been violated.   But, since this Court has no jurisdiction to grant petitioner's request, it must be denied. *Never denied that my USCA were violated & pretty much Agreed but said that this Crt has no jurisdiction over my rguest it has to be denied.*

5.    In cities of a million or more residents, only the supreme court of the county in which a criminal matter is pending has the power to grant a petition for a writ of habeas corpus to an inmate detained on that matter. C.P.L.R. § 7002(b)(5). Here, petitioner is charged by a Richmond County indictment and he must therefore petition the supreme court of that county.   Since this Court is without jurisdiction to hear the petition, it must be denied.

5.    Further, a "writ of habeas corpus may not be used to review ... absent reasons of practicality and necessity, questions that could have been raised by direct appeal or by a collateral attack in the court of the petitioner's conviction."

2

People ex rel. Almeyda v. Schultz, 18 A.D.3d 582 (2d Dep't 2005) (quotations omitted). Here, if the underlying matter results in petitioner's conviction, all of his claims would be cognizable on either direct appeal or a motion pursuant to Criminal Procedure Law Article 440. Since there is no reason to deviate from "traditional orderly proceedings," petitioner must not be granted relief. See People ex rel. Keitt v. McMann, 18 N.Y.2d 257, 262 (N.Y. 1966)


WHEREFORE, petitioner's petition should be denied in its entirety.


Dated:      May 18, 2010
            Staten Island, New York


                                              MICHAEL SHOLLAR
                                              Assistant District Attorney


To:   Qiydaar Reddick
      825-09-01155
      Anna M. Kross Center
      18-18 Hazen Street
      East Elmhurst, NY 11370


3

## EXHIBIT "H"

Exhibit "H", deals with the police arrest report. The time, date, place and record status as well. This proves more of the Plaintiff's claim about no warrants to enter 50 Castletown Avenue and that the Plaintiff was arrested at 50 Castletown Avenue, if he wasn't arrested at 130 Stuyvesant Place (District Attorney's Office) as this report/exhibit and Exhibit "A" claim. The only way the Plaintiff could get arrested at 130 Stuyvesant Place, is if he turned himself in, for which he clearly did not do. Also, this would prove the cover up for the 4th and 8th Amendment right, from cruel and unusual punishment at the hands of Defelice and John Doe's 1 - 5, due to their unlawful entry.

ARREST Report - S09606205

Page 1 of 3



# New York City Police Department
## Omniform System - Arrests

**RECORD STATUS: ARR PRC CMPL**

Arrest ID: S09606205 - N

**135 STUYVESANT PLACE**

Pct: 120

Arrest Date: 05-27-2009

Processing Type: ON LINE

*How Did I even get to 135 Stuyvesant place if I was Arrested At 50 Castleton Ave*

Time: 12:30:00

DCJS Fax Number: 10008152

Arrest #: S09606205

REPORT DATE    RECORD STATUS    OCCUR DATE    OCCUR TIME

2009-05-18    Valid, No Arrests    2009-05-18    03:40

Arrest #: S09606205

Arrest #: S09606205

LAW CODE    CLASS    TYPE    COUNTS    DESCRIPTION

| | F | B | 1 | RAPE-1ST FORCIBLE COMPULSION |
| | F | C | 1 | BURG-CAUSES PHYSICAL INJURY |
| | F | B | 1 | ASLT-INTENT CAUS SERIOUS PH INJ |
| | F | E | 1 | CRIM CONTEMPT-1ST WEAPON |
| | F | E | 1 | CRIM CONTEMPT-1ST TELEPHONES |
| | M | A | 1 | CRIM POSS WEAP-4TH INT TO USE |

Test Given:    B.A.C.    Reason Not Forfeit:

Arrest #: S09606205

CRIMINAL COURT ORDER OF PROTECTION DKT#

Arrest #: S09606205

Height: 5FT 8IN
Weight: 180
Eye Color: BROWN
Hair Color: BLACK
Hair Length: NORMAL
Hair Style: UNKNOWN

Order Of Protection: YES
Issuing Court: CRIMINAL
Docket #: 2N-9RI0044018
Expiration Date: 04/30/2014
Relation to Victim: FRIEND/ACQUAINTANCE