FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ SEP 28 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
QIYDAAR REDDICK,

        Plaintiff,

-against-

KAREN VARRIALE, MICHAEL SHOLLAR,
DEFELICE of the S.I.W.S., POLICE
OFFICERS JOHN DOE 1, JOHN DOE 2,
JOHN DOE 3, JOHN DOE 4, JOHN DOE 5 of
the S.I.W.S.,

        Defendants.
----------------------------------------------------------x

MEMORANDUM AND ORDER
10-CV-4016 (RJD)

DEARIE, District Judge.

    Plaintiff Qiydaar Reddick brought this *pro se* civil rights action on August 17, 2010 while in pre-trial custody on Riker's Island. Plaintiff's initial complaint alleged unlawful imprisonment, false arrest, malicious prosecution, and police misconduct, stemming from his May 27, 2009 arrest and subsequent prosecution for rape. See ECF Docket # 1. A month after filing the complaint, plaintiff was convicted of raping his ex-girlfriend after violating a protective order. He is now incarcerated at Five Points Correctional Facility, subject to a maximum sentence of 23 years. See Department of Corrections and Community Supervision, Inmate Lookup, http://nysdoccslookup.doccs.ny.gov/ (last visited Sept. 24, 2012).

    By Order dated March 31, 2011, the Court dismissed plaintiff's claims against defendants Justice Rienzi, Legal Aid Attorney, Richard Kopacz, and the 120th Precinct Detective Squad Section with prejudice. ECF Docket # 4, Order. The claims against the remaining defendants were dismissed without prejudice and, in light of plaintiff's *pro se* status, the Court granted plaintiff leave to submit an amended complaint. Id. at 6. On September 8, 2011, after several

delays and extensions, plaintiff filed his amended complaint. ECF Docket # 10, Amended Complaint ("Compl.").

Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the following reasons, all of the claims against Richmond County Assistant District Attorneys Karen Varriale ("Varriale") and Michael Shollar ("Shollar") are dismissed with prejudice. Plaintiff's medical indifference and excessive force claims, however, may proceed against Officer Defelice ("Defelice") and the John Doe police officers. Plaintiff has apparently abandoned any claims against New York City Police Department ("NYPD") officer, Gregory Silverman, as Silverman was not included in the caption of the Amended Complaint.

## I. BACKGROUND

The following allegations are taken from the amended complaint. On May 27, 2009, police officers Defelice and John Does # 1-5 "broke into" a residence at 50 Castletown Avenue in Staten Island without a warrant. The officers "began beating up the Plaintiff for no reason," before and after he was placed in handcuffs, and took him to the 120th Precinct. Despite plaintiff's requests "to all of the Officers," he was initially refused medical attention. Plaintiff was subsequently taken to the Richmond County District Attorney's Office before he was taken to the St. Vincent's Hospital emergency room. At the hospital, he received an initial dose of medication and was prescribed additional painkillers "that he never got to get." Compl. at 2.

Varriale allegedly presented "inadmissible evidence and false evidence," Id. at 3, while Shollar committed perjury before the grand jury in plaintiff's criminal matter. Id. at 4. Plaintiff asserts that these defendants and other officials misstated the location and time of his arrest in order to manipulate the case against him and to cover up his mistreatment by the arresting

2

officers. Id. at 5. Moreover, without further elaboration, plaintiff states that "the Court that falsely convicted the Plaintiff[] has no jurisdiction over the Plaintiff." Id. at 5, 7.

The complaint includes several exhibits consisting of excerpts from documents related to plaintiff's criminal proceeding. While asserting that defendants violated his constitutional rights under the Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth Amendments, plaintiff does not include any demand for relief. See id. at 6-7.

## II. DISCUSSION

Where, as here, "a prisoner seeks redress from [an] . . . officer or employee of a governmental entity," the Court may *sua sponte* "dismiss the complaint, or any portion of the complaint, if [it] . . . fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a)-(b)(1). Although "[a] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations omitted), where nothing in the complaint "suggests that the plaintiff has a claim," dismissal with prejudice is warranted. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

A. Defendants Varriale and Shollar

As explained in the Court's prior Order, Varriale and Shollar are entitled to absolute immunity for "performing prosecutorial activities that are 'intimately associated with the judicial phase of the criminal process.'" Ying Jing Gan v. City of New York, 996 F.2d 522, 530 (2d Cir. 1993) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)); see Order at 4 (citing Ying Jing Gan). The amended complaint does not allege that defendants Varriale and Shollar acted outside of their prosecutorial function. Indeed, plaintiff claims that Varriale's allegedly unconstitutional acts were committed "while doing her duty." Compl. at 4. Absolute immunity for prosecutorial

3

acts can be defeated only if the prosecutor is alleged to have acted in the complete absence of jurisdiction or authority. Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005). Plaintiff's bald assertion that the Richmond County Court had no jurisdiction is unsupported by any facts. Moreover, the Court previously dismissed plaintiff's claim for malicious prosecution under Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). See Order at 3-4. Plaintiff has alleged no new facts to suggest the Heck-bar does not still apply.

Accordingly, plaintiff's claims against defendants Varriale and Shollar are dismissed with prejudice.

B. Police Officer Defendants

Plaintiff's remaining claims concern Defelice and several John Doe police officers from the "Staten Island Warrant Squad." Compl. at 2. Plaintiff alleges that these defendants unlawfully arrested him, mistreated him, and delayed his access to medical care. Plaintiff's claim for false arrest is Heck-barred. 512 U.S. at 486-87.

As to medical indifference, although the complaint is short on specifics, plaintiff has alleged that he was injured and denied painkillers that were prescribed to him. Plaintiff has indicated that at present, he is unable to obtain medical records "from where he is detained," which would "prove [his] complaint." Compl. at 1. Although such medical records may very well confirm that plaintiff was not "actually deprived of adequate medical care" and that "the inadequacy in medical care [was not] sufficiently serious," Salahuddin v. Goord, 467 F.3d 263, 279-80 (2d Cir. 2006), plaintiff is at least entitled to limited discovery on this issue.

As to plaintiff's excessive force claim, plaintiff has alleged that defendants "began beating up the Plaintiff for no reason, before *and after* the Plaintiff was already in handcuffs." Compl. at 2

4

(emphasis added). Use of force violates the Fourth Amendment when it is objectively unreasonable judged "in light of the facts and circumstances confronting [an officer] without regard to [his] underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 395, 397 (1989). Although the "right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion," Id. at 396, plaintiff's allegations concerning the degree and timing of the force used by defendants in this case, if proven true, may very well tip beyond that which is permitted under the Fourth Amendment.

Plaintiff's claims for medical indifference and excessive use of force against Defilice and John Does #1-5 may, therefore, proceed.

### III. CONCLUSION

For the reasons set forth above, all of the claims against Varriale and Shollar are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1). No summonses shall issue against these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

Plaintiff's claims for medical indifference and excessive force shall proceed against Officer Defelice of the 120th Precinct and John Does #1-5. The Clerk of Court is requested to issue a summons to Defelice, and the United States Marshals Service is directed to serve the complaint, this Order, and the summons on this defendant. The Clerk shall also mail a copy of this Order and the complaint to the New York City Law Department. Once Corporation Counsel has provided the requested information for the John Doe defendants, the Clerk of Court shall amend the caption of the complaint to reflect that information. The Clerk is further directed to issue summonses to those defendants, and the United States Marshals Service is directed to serve

copies of the complaint as amended by the Clerk, this Order, and the summonses on these defendants.

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). This matter is referred to Magistrate Judge Lois Bloom for pretrial supervision.

SO ORDERED.

Dated: Brooklyn, New York
       September 27, 2012

RAYMOND J. DEARIE
United States District Judge

6